IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02168-PAB-MJW

DAVID MCCORMICK,

Plaintiff,

v.

APEX FINANCIAL MANAGEMENT, LLC, and
EQUABLE ASCENT FINANCIAL, LLC,

Defendants.

---

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS FEES
(DOCKET NO. 15)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Attorney Fees (docket no. 15). The court has reviewed the subject motion (docket no. 15), the response (docket no. 16), and the reply (docket no. 18). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Fair Debt Collections Act directs that attorney's fees and costs be awarded to a Plaintiff that successfully enforces an action pursuant to 15 U.S.C. § 1692k(1)(3);

5. That on October 25, 2010, the Plaintiff accepted the Defendants' Fed. R. Civ. P. 68 Offer of Judgment in the amount of $1,050.00, in addition Plaintiff's costs and reasonable attorney fees now accrued are to be added to the judgment as against Defendants.  See docket no. 10;

6. That on October 28, 2010, this court entered judgment in a favor of the Plaintiff David McCormick and against the Defendants Apex Financial Management, LLC and Equable Ascent Financial, LLC in the principal amount of $1.050.00.  In addition, Plaintiff's costs and reasonable attorney fees now accrued are to be added to the judgment as against Defendants; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the court upon motion.  Post-judgment interest shall accrue as the rate of 0.22% from the date of entry of judgment.  See written Judgment (docket no. 12);

7. That the parties have not stipulated to attorney fees and costs.  Instead, Plaintiff has filed the subject motion (docket no. 15) seeking attorney fees and costs;

3

8. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable."  <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee."  <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364 (10th Cir. 1984), <u>overruled on other grounds</u>, <u>Skinner v. Total Petroleum, Inc.</u>, 859 F.2d 1439, 1445 n.6 (10th Cir. 1988), and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  Taking these factors into consideration, I find that the hourly rate of $250.00 per hour charged by Plaintiff's attorney David Larson is a fair and reasonable hourly rate for attorneys practicing law in Denver, Colorado, with the level of legal experience of Mr. Larson.  I further find that 20 hours of attorney time was necessary for the preparation and prosecution of this lawsuit.  Accordingly, I conclude that the sum of $5,000.00 in attorney fees and $490.000 in costs are fair, reasonable, and necessary for having to prepare and prosecute this lawsuit.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Attorneys Fees (docket no. 15) is **GRANTED**;

2. That the Clerk of Court shall amend the Judgment (docket no. 12) as follows. The Judgment (docket no. 12) shall be amended to include an award of $5,000.00 in attorney fees in favor of the Plaintiff David McCormick and against the Defendants Apex Financial Management, LLC and Equable Ascent Financial, LLC, jointly and severally.

Done this 28th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE